UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

RECEIVED
2006 JAN -6 A 9: 47

Melvin Ray,
 Plaintiff,

vs.

Donal Campbell, Commissioner,
Grantt Culliver, Warden,
Capt. Bishop,
Lt. Brown,
C.O. I. Leatherwood,

 Defendants.

2:06 CV15-T

JURY TRIAL REQUESTED.

## CAUSE OF ACTION

This is a §1983 action filed by a prisoner at the W.C. Holman Correctional Facility, alleging violation of his constitutional rights protected by the Eighth and Fourteenth Amendment, as well as state torts and constitutional claims. Plaintiff seeks monetary, special and punitive damages; declaratory and injunctive relief; and costs.

## JURISDICTION

This Court has jurisdiction over the federal claims under 28 U.S.C. §1343. Plaintiff requests the Court to exercise its pendent jurisdiction over the state law claims

- 1 -

PARTIES

1. Plaintiff Melvin Ray is presently incarcerated at W.C. Holman Correctional Facility. Located at: 3700 Holman Unit, Atmore, AL, 36503.

2. Defendant Donal Campbell is the Commissioner for the Alabama Department of Corrections. He is being sued in his individual and official capacity.

3. Defendant Grantt Culliver is the Warden of Holman Correctional Facility. He is being sued in his individual and official capacity.

4. Defendant Captain Bishop is a Supervisor at Holman Correctional Facility. He is being sued in his individual and official capacity.

5. Defendant C.O. I. Leatherwood is a Correctional officer at Holman Correctional Facility. He is being sued in his individual and official capacity.

6. All defendants acted at all times relevant to this complaint under color of state law.

## FACTS

7. On Sunday, November 13, 2005, at appx. 4:15 p.m., the plaintiff slipped and fell onto the back of his head and back-side, while returning to his cell from the shower.

8. At the time of his fall, the plaintiff had walked appx. 15 yards while handcuffed to the rear and without any officer escort.

9. The floor on which the plaintiff had to walk was covered with noodles, turnip greens, meat patties, and Kool-Aid, and assorted trash and debris. These articles had accumulated on the floor of the bottom tier, after being swept there by inmate-trustees assigned to cleanup after each meal.

10. These articles were allowed to remain on the floor during shower period because Defendant Lt. Brown had implemented a policy commanding all second shift officers to staff showers by 3:30, irregardless of whether the inmate-trustees were finished cleaning up after the meal was served.

- 3 -

11. This policy instituted by Lt. Brown resulted in an "unsafe and hazardous" condition that posed an unreasonable risk of serious injury and damage to the health and safety of prisoners.

12. Defendant Lt. Brown knowingly, wantonly, deliberately, and in bad faith implemented this policy. The segregation unit consists of appx. 200 prisoners. The last meal is not served until 2:30 p.m. Thus, Defendant Lt. Brown knew that 200 inmates confined in a three-tier unit could not be served a meal; eat that meal; have their trays picked-up; then have the full unit cleaned before showers could start at 3:30 p.m.

13. Defendant Lt. Brown knew of the conditions in their totality because he had walked through the unit on shower days and saw prisoners walking unescorted; handcuffed to the rear; across a slick-surface concrete floor; that was littered with food and trash.

14. Plaintiff suffered a head injury and concussion; temporary loss of feeling and movement in his lower left extremity; shoulder and rotator cuff injury; and back and body pain, including headaches and loss of sleep. Plaintiff also suffered mental discomfort.

15. While laying on the floor from his fall, the handcuffs which Defendant Leatherwood had placed on the plaintiff were not safety locked. The failure to safety-lock these handcuffs resulted in the cuffs tightening completely to the bone of plaintiff's wrists upon his fall.

16. Defendant Leatherwood was deliberately indifferent to the plaintiff's constitutional rights and acted willfully, in bad faith by his failure to safety-lock the handcuffs, while knowing that the plaintiff would be walking without an escort; cuffed to the rear; across an unsafe floor; with no means to brace himself from a fall or to prevent the cuffs from locking.

17. Defendants Brown and Leatherwood, without assistance from medical personnel, had to move plaintiff and roll him over in intense pain to untighten and remove the handcuffs before they cut through the plaintiff's skin

18. Defendant Brown's policy on when to start showers had been in place for at least two months and was known by, or should have been known by Defendants Culliver and Bishop, and was ratified by those defendants.

18. Defendants Campbell, Culliver and Bishop are responsible for ensuring that adequate staff is at the prison and that a routine procedure for establishing and implementing D.O.C. regulations and policy are carried out.

19. These three defendants failed to ensure that an adequate amount of staff was working the segregation unit so that prisoners would be escorted to and from the shower area, while handcuffed to the back, across a wet and slippery floor. Had an escort been present, as required by D.O.C. policy, the plaintiff's fall could have been prevented, or the impact and injuries lessened.

20. Defendants Campbell and Culliver knew of the shortage of staff at the prison and ratified the conduct of Defendants Bishop and Lt. Brown of allowing prisoners and plaintiff to be handcuffed to the rear and walking with no escort under dangerous conditions, and such conduct had been allowed for years and continues to this day.

21. All defendants acted with deliberate indifference to the health and safety of all prisoners and plaintiff, and willfully, maliciously and in bad-faith, in violation of the Federal and State constitution and state laws.

22. In ratifying Lt. Browns policy, Defendants Culliver and Bishop failed to train and supervise Lt. Brown and Defendant Leatherwood so as to ensure that the policy would not be carried out in a way that subjected plaintiff and other prisoners to injury.

## RELIEF: DEMANDED

1. Declare the Defendants policy of conducting showers while the floor has food and trash on it to be a health and safety hazard; and issue an injuction to stop same.

2. Declare the Defendants practice of handcuffing prisoners to the rear and compelling them to walk to and from the shower without an escort to be a health and safety hazard; and issue an injunction to stop same by providing enough staff to escort prisoners.

3. Award damages to the Plaintiff in the amount of $300,000 dollars against the Defendants in their individual capacity as compensatory, punitive and special damages. And tax all costs against the Defendants.

Date: 1/3/05

Melvin Ray
3700 Holman Unit
Atmore, AL 36503