IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MELVIN RAY-EL, #163343,        )
                               )
        Plaintiff,             )
                               )
    v.                         )        CASE NO. 2:06-CV-0015-MHT
                               )                [WO]
                               )
DONAL CAMPBELL, et al.,        )
                               )
        Defendants             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Melvin Ray-El ["Ray-El"], a state inmate, complains of injuries sustained in a slip and fall that occurred at the Holman Correctional Facility on November 13, 2005. Ray-El further challenges policies established and implemented by correctional officials at the aforementioned correctional facility which he asserts caused this fall. Holman Correctional Facility is located within the jurisdiction of the United States District Court for the Southern District of Alabama.

Upon review of the factual allegations presented in the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of Alabama pursuant to 28 U.S.C. § 1404.[1]

---

[1]Attached to the plaintiff's complaint is an affidavit in support of a request for leave to proceed *in forma pauperis*. It appears from this affidavit that the plaintiff should be required to pay an initial partial filing fee. However, in light of the April 1996 revisions to 28 U.S.C. § 1915 and under the circumstances of this case, this court makes no determination with respect to the *in forma pauperis* request as the assessment and collection of any filing fee should be undertaken by the United States District Court for the Southernn District of Alabama.

## DISCUSSION

A civil action filed by an inmate under authority of 42 U.S.C. § 1983 "may be brought . . . in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C.  § 1391(b).  However, the law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."  28 U.S.C. § 1404(a).

It is clear from Ray-El's recitation of the facts that the actions about which he complains occurred at a correctional institution located in the Southern District of Alabama, an institution in which Ray-El is currently incarcerated.  Moreover, those individuals obligated to ensure the plaintiff's safety at the time of the fall at issue and personally responsible for initiation and application of the challenged policies are employed at an institution outside the jurisdiction of this court.  Thus, the majority of material witnesses and evidence associated with this case are located in the Southern District of Alabama.  Although by virtue of his supervisory position as Commissioner of the Alabama Department of Corrections, defendant Campbell resides in the Middle District of Alabama, he is subject to service of process throughout the state and commonly defends suits in all

2

federal courts of this state.

In light of the foregoing, the court concludes that in the interest of justice and for the convenience of the parties this case should be transferred to the United States District Court for the Southern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of Alabama pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that on or before January 23, 2006 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

DONE, this 11th day of January, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE